IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARITIME ADMINISTRATION, PETE BUTTIGIEG, in his official capacity, and LUCINDA LESSLEY, in her official capacity,<br><br>Defendants. | Civil Action No.: 4:21-cv-132 -RCY-DEM |

**RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

*Environmental Defense Center v. Bureau of Ocean of Energy Management*, 36 F.4th 850 (9th Cir. 2022), does not impact the Court's analysis of Plaintiff's claims. First, the issue in that case was "whether an agency's conclusion in a programmatic environmental review that a proposed action would not have a significant environmental impact constitutes agency authorization of that proposed action, even if the agency will have to approve subsequent, individual permits." *Id.* at 864. That is not the issue here because Plaintiff has never argued that MARAD's programmatic environmental assessment ("EA") and finding of no significant impact ("FONSI") are actions that trigger Endangered Species Act ("ESA") consultation.

Second, the Ninth Circuit's statement that "[s]ite-specific review cannot cure a failure to consult at the programmatic level, and incremental-step consultation is inadequate to comply with the ESA," *id.* at 890, has no bearing here. The Ninth Circuit concluded that an agency action had occurred that required consultation: the issuance of the EA and FONSI that ended the moratorium on issuing permits. *Id.* at 883-85. Therefore, the defendant agencies could not remedy their failure

1

to conduct ESA consultation on one agency action (issuing the FONSI and EA), by conducting site-specific consultation on future actions (issuing the permits). Here, Plaintiff has not identified a program-level action taken by MARAD that requires consultation.

Finally, the Ninth Circuit did not even discuss the portion of the ESA regulation relating to programmatic consultation: 50 C.F.R. § 402.14(c)(4). This demonstrates that the Ninth Circuit did not intend to opine on whether programmatic ESA consultation was required in certain situations. Rather, the Ninth Circuit simply made the uncontroversial conclusion that ESA consultation is required if there is an agency action. *Id.* at 883-85.

Dated: July 13, 2022                    Respectfully submitted,

PETE BUTTIGIEG,
Secretary of Transportation,

LUCINDA LESSLEY,
Acting Administrator of Maritime Administration,

MARITIME ADMINISTRATION,

JESSICA D. ABER,
United States Attorney

/s/
Garry D. Hartlieb, IL Bar No. 6322571
Assistant United States Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-6331
Facsimile:  (757) 441-6689
E-mail: garry.hartlieb@usdoj.gov

TODD KIM,
Assistant Attorney General

SETH M. BARSKY,
Deputy Assistant Attorney General

MEREDITH L. FLAX,
Assistant Section Chief
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

/s/
Kaitlyn Ashley Poirier, TN Bar No. 034394
(*admitted pro hac vice*)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 598-1050
Facsimile:  (202) 305-0275
E-mail:  kaitlyn.poirier@usdoj.gov
*Counsel for Defendants*

3