IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES MARITIME ADMINISTRATION, PETE BUTTIGIEG, in his official capacity, and LUCINDA LESSLEY, in her official capacity,<br><br>Defendants. | Civil Action No.: 4:21-cv-132-EWH-LRL |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

On December 23, 2022, President Biden signed the James M. Inhofe National Defense Authorization Act for Fiscal Year 2023 ("NDAA") into law. Pub. L. No. 117-263. The NDAA contains provisions impacting the Maritime Administration ("MARAD")'s America's Marine Highway Program, two of which are particularly pertinent here. These provisions of the NDAA are attached to this document as **Exhibit A** and are discussed below.

First, the NDAA changes the name of MARAD's program from the America's Marine Highway Program to the U.S. Marine Highway Program. *Id.* § 55601(a)(1).

Second, the NDAA prohibits marine highway project designations. *Id.* § 55601(d)(2)(C). Prior to the NDAA, once a marine highway route was designated by the Secretary of Transportation ("Secretary"), applicants could request that the Secretary designate a marine highway project. Defendants' Opening Brief, ECF No. 32 at 4. A "marine highway project" was a new or expanded service that provides support for a specific marine highway route. *Id.*; *see* 46 C.F.R. 393.1(f). For example, the James River Container Expansion Project supports the M-64

marine highway route in Virginia. Only after a marine highway project was designated could an applicant submit a grant proposal to apply for future funding that could become available to implement the designated project. Defendants' Opening Brief, ECF No. 32 at 4.

Now that the NDAA has been enacted, the Secretary will no longer designate marine highway projects. As was the case pre-NDAA, the Secretary can designate marine highway routes. But once the route is designated, applicants may submit grant proposals to apply for future funding for projects related to that marine highway route; they no longer need to request that the Secretary designate a marine highway project prior to submitting grant proposals.

As stated in Defendants' memorandum in support of its motion for leave to file this notice of supplemental authority (ECF No. 48), the NDAA is not retroactive and therefore does not impact MARAD's prior implementation of the Program or the merits of Plaintiff's claim that MARAD had not initiated and completed consultation pursuant to Section 7 of the Endangered Species Act, 16 U.S.C. § 1536(a)(2), on the Program as a whole or on previously issued individual grants. However, because of the NDAA, some of the statements contained in Defendants' briefs regarding the name of the Program and how the Program operates will not be accurate in the future.[1]

[*Signature page follows.*]

---

[1] The Department of Transportation and MARAD are considering if the regulations relating to the Program need to be updated to account for the changes to the Program made in the NDAA. If the regulations are amended, Defendants may file another notice of supplemental authority.

Dated: February 24, 2023

Respectfully submitted,

PETE BUTTIGIEG,
Secretary of Transportation,

ANN C. PHILLIPS,
Administrator of Maritime Administration,

MARITIME ADMINISTRATION,

JESSICA D. ABER,
United States Attorney

/s/
Garry D. Hartlieb, IL Bar No. 6322571
Assistant United States Attorney
Office of the United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-6331
Facsimile: (757) 441-6689
E-mail: garry.hartlieb@usdoj.gov

TODD KIM,
Assistant Attorney General

S. JAY GOVINDAN,
 Section Chief

MEREDITH L. FLAX,
Assistant Section Chief
U.S. Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section

/s/
Kaitlyn Poirier, TN Bar No. 034394
(admitted pro hac vice)
Wildlife & Marine Resources Section
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
Telephone: (202) 598-1050
Facsimile: (202) 305-0275
E-mail: kaitlyn.poirier@usdoj.gov
Counsel for Defendants

# EXHIBIT A
# Excerpts of National Defense Authorization Act for Fiscal Year 2023

1 date that is one year after the date of the enactment
2 of this Act.
3 (b) CONFORMING AMENDMENTS.—Title 46, United
4 States Code, is further amended—
5  (1) in section 53106(a)(2), by inserting ''or sec-
6 tion 51307(b)'' after ''this section'';
7  (2) in section 53206(a)(2), by inserting ''or sec-
8 tion 51307(b)'' after ''this section''; and
9  (3) in section 53406(a), by inserting ''or section
10 51307(b)'' after ''this section''.

## Subtitle C—Maritime Infrastructure

13 **SEC. 3521. UNITED STATES MARINE HIGHWAY PROGRAM.**
14  (a) UNITED STATES MARINE HIGHWAY PROGRAM.—
15   (1) IN GENERAL.—Section 55601 of title 46,
16  United States Code, is amended to read as follows:
17 **''§ 55601. United States marine highway program**
18  ''(a) ESTABLISHMENT.—
19   ''(1) IN GENERAL.—There is in the Department
20   of Transportation a program, to be known as the
21   'United States marine highway program'.
22   ''(2) ADDITIONAL PROGRAM ACTIVITIES.—In
23   carrying out the program established under this sub-
24   section, the Secretary of Transportation may—

1712

    ''(A) coordinate with ports, State departments of transportation, localities, other public agencies, and appropriate private sector entities on the development of landside facilities and infrastructure to support marine highway transportation; and

    ''(B) develop performance measures for the program.

 ''(b) MARINE HIGHWAY TRANSPORTATION ROUTES.—

  ''(1) DESIGNATION.—The Secretary may designate a route as a marine highway transportation route, or modify such a designation, if—

    ''(A) such route—

     ''(i) provides a coordinated and capable alternative to landside transportation;

     ''(ii) mitigates or relieves landside congestion;

     ''(iii) promotes marine highway transportation; or

     ''(iv) uses vessels documented under chapter 121; and

    ''(B) such designation or modification is requested by—

                ''(i) the government of a State or territory;

                ''(ii) a metropolitan planning organization;

                ''(iii) a port authority;

                ''(iv) a non-Federal navigation district; or

                ''(v) a Tribal government.

        ''(2) DETERMINATION.—Not later than 180 days after the date on which the Maritime Administrator receives a request for the designation or modification of a marine highway route under paragraph (1), the Maritime Administrator shall make a determination of whether to make the requested designation or modification.

        ''(3) NOTIFICATION.—Not later than 14 days after the date on which the Maritime Administrator makes a determination under paragraph (2), the Maritime Administrator shall notify the requester of the determination.

    ''(c) MAP OF MARINE HIGHWAY PROGRAM ROUTES.—

        ''(1) IN GENERAL.—The Maritime Administrator shall make publicly available a map showing the location of marine highway routes, including

1714

such routes along the coasts, in the inland waterways, and at sea and update that map when a marine highway route is designated or modified pursuant to subsection (b).

''(2) COORDINATION.—The Maritime Administrator shall coordinate with the Administrator of the National Oceanic and Atmospheric Administration to incorporate the map referred to in paragraph (1) into the Marine Cadastre.

''(d) ASSISTANCE.—

''(1) IN GENERAL.—The Secretary may make grants to, or enter into contracts or cooperative agreements with, eligible entities to implement a marine highway transportation project or a component of such a project if the Secretary determines that the project or component—

''(A) meets the criteria referred to in subsection (b)(1)(A); and

''(B) develops, expands, or promotes—

''(i) marine highway transportation; or

''(ii) shipper use of marine highway transportation.

''(2) APPLICATION.—

     ''(A) IN GENERAL.—To be eligible to receive a grant or to enter into a contract or cooperative agreement under this subsection, an eligible entity shall submit to the Secretary an application in such form and manner, and at such time, as the Secretary may require. Such an application shall include the following:

      ''(i) A comprehensive description of—

       ''(I) the marine highway route to be served by the marine highway transportation project;

       ''(II) the supporters of the marine highway transportation project, which may include business affiliations, private sector stakeholders, State departments of transportation, metropolitan planning organizations, municipalities, or other governmental entities (including Tribal governments), as applicable;

       ''(III) the need for such project; and

       ''(IV) the performance measure for the marine highway transportation project, such as volumes of cargo or

1716

passengers moved, or contribution to environmental mitigation, safety, reduced vehicle miles traveled, or reduced maintenance and repair costs.

''(ii) A demonstration, to the satisfaction of the Secretary, that—

''(I) the marine highway transportation project is financially viable; and

''(II) the funds or other assistance provided under this subsection will be spent or used efficiently and effectively.

''(iii) Such other information as the Secretary may require.

''(B) PRE-PROPOSAL.—

''(i) IN GENERAL.—Prior to accepting a full application under subparagraph (A), the Secretary may require that an eligible entity first submit a pre-proposal that contains a brief description of the item referred to in clauses (i) through (iii) of such subparagraph.

''(ii) FEEDBACK.—Not later than 30 days after receiving a pre-proposal under

1717

clause (i) from an eligible entity, the Secretary shall provide to the eligible entity feedback to encourage or discourage the eligible entity from submitting a full application. An eligible entity may still submit a full application even if that eligible entity is not encouraged to do so after submitting a pre-proposal.

''(C) PROHIBITION.—The Secretary may not require separate applications for project designation and for assistance under this section.

''(D) GRANT APPLICATION FEEDBACK.—Following the award of assistance under this subsection for a particular fiscal year, the Secretary may provide feedback to an applicant to help such applicant improve future applications if the feedback is requested by that applicant.

''(3) TIMING.—

''(A) NOTICE OF FUNDING OPPORTUNITY.—The Secretary shall post a notice of funding opportunity regarding grants, contracts, or cooperative agreements under this subsection not more than 60 days after the date

1718

1 of the enactment of the appropriations Act for
2 the fiscal year concerned.
3 ``(B) AWARDING OF ASSISTANCE.— The
4 Secretary shall award grants, contracts, or co-
5 operative agreements under this subsection not
6 later than 270 days after the date of the enact-
7 ment of the appropriations Act for the fiscal
8 year concerned.
9 ``(4) NON-FEDERAL SHARE.—
10 ``(A) IN GENERAL.—Except as provided in
11 subparagraph (B), not more than 80 percent of
12 the funding for any project for which funding
13 is provided under this subsection may come
14 from Federal sources.
15 ``(B) TRIBAL GOVERNMENTS AND RURAL
16 AREAS.—The Secretary may increase the Fed-
17 eral share of funding for the project to an
18 amount above 80 percent in the case of an
19 award of assistance under this subsection—
20 ``(i) to an eligible entity that is a
21 Tribal government; or
22 ``(ii) for a project located in a rural
23 area.
24 ``(5) PREFERENCE FOR FINANCIALLY VIABLE
25 PROJECTS.— In awarding grants or entering into

1719

contracts or cooperative agreements under this subsection, the Secretary shall give a preference to a project or component of a project that presents the most financially viable transportation service and require the lowest percentage of Federal share of the funding.

"(6) TREATMENT OF UNEXPENDED FUNDS.—Notwithstanding paragraph (3)(B), amounts awarded under this subsection that are not expended by the recipient within five years after obligation of funds or that are returned shall remain available to the Secretary to make grants and enter into contracts and cooperative agreements under this subsection.

"(7) CONDITIONS ON PROVISION OF ASSISTANCE.—The Secretary may not provide assistance to an eligible entity under this subsection unless the Secretary determines that—

"(A) sufficient funding is available to meet the non-Federal share requirement under paragraph (4);

"(B) the marine highway project for which such assistance is provided will be completed without unreasonable delay; and

           ''(C) the eligible entity has the authority to implement the proposed marine highway project.

    ''(8) PROHIBITED USES.—Assistance provided under this subsection may not be used—

        ''(A) to improve port or land-based infrastructure outside the United States; or

        ''(B) unless the Secretary determines that such activities are necessary to carry out the marine highway project for which such assistance is provided, to raise sunken vessels, construct buildings or other physical facilities, or acquire land.

    ''(9) GEOGRAPHIC DISTRIBUTION.—In making grants, contracts, and cooperative agreements under this section the Secretary shall take such measures so as to ensure an equitable geographic distribution of funds.

    ''(10) ELIGIBLE ENTITY.—In this subsection, the term 'eligible entity' means—

        ''(A) a State, a political subdivision of a State, or a local government;

        ''(B) a United States metropolitan planning organization;

        ''(C) a United States port authority;

1  "(D) a Tribal government; or

2  "(E) a United States private sector oper-
3  ator of marine highway projects or private sec-
4  tor owners of facilities, including an Alaska Na-
5  tive Corporation, with an endorsement letter
6  from the requester of a marine highway route
7  designation or modification referred to in sub-
8  section (b)(1)(B).".

9  (2) CLERICAL AMENDMENT.—The analysis for
10  chapter 556 of title 46, United States Code, is
11  amended by striking the item relating to section
12  55601 and inserting the following:

"55601. United States marine highway program.".

13  (b) MULTISTATE, STATE, TRIBAL, AND REGIONAL
14  TRANSPORTATION PLANNING.—

15  (1) IN GENERAL.—Chapter 556 of title 46,
16  United States Code, is amended by inserting after
17  section 55602 the following:

18  **"§ 55603. Multistate, State, Tribal, and regional trans-**
19  **portation planning**

20  "(a) IN GENERAL.—The Secretary, in consultation
21  with Federal entities, State and local governments, Tribal
22  governments, and appropriate private sector entities, may
23  develop strategies to encourage the use of marine highway
24  transportation for transportation of passengers and cargo.

1 ''(b) STRATEGIES.—If the Secretary develops strate-
2 gies under subsection (a), the Secretary may—

3    ''(1) assess the extent to which States, local
4    governments, and Tribal governments include ma-
5    rine highway transportation and other marine trans-
6    portation solutions in transportation planning;

7    ''(2) encourage State and Tribal departments of
8    transportation to develop strategies, where appro-
9    priate, to incorporate marine highway transpor-
10   tation, ferries, and other marine transportation solu-
11   tions for regional and interstate transport of freight
12   and passengers in transportation planning; and

13   ''(3) encourage groups of States, Tribal govern-
14   ments, and multistate transportation entities to de-
15   termine how marine highways can address conges-
16   tion, bottlenecks, and other interstate transportation
17   challenges.''.

18   (2) CLERICAL AMENDMENT.—The analysis for
19   chapter 556 of title 46, United States Code, is
20   amended by striking the item relating to section
21   55603 and inserting the following:

''55603. Multistate, State, Tribal, and regional transportation planning.''.

22 (c) RESEARCH ON MARINE HIGHWAY TRANSPOR-
23 TATION.—Section 55604 of title 46, United States Code,
24 is amended—

1  (1) by redesignating paragraphs (1) through
2 (3) as paragraphs (3) through (5), respectively; and
3  (2) by inserting before paragraph (3), as redes-
4 ignated by paragraph (1), the following new para-
5 graphs:
6  ''(1) the economic effects of marine highway
7 transportation on the United States economy;
8  ''(2) the effects of marine highway transpor-
9 tation, including with respect to the provision of ad-
10 ditional transportation options, on rural areas;''.
11 (d) DEFINITIONS.—
12  (1) IN GENERAL.—Section 55605 of title 46,
13 United States Code, is amended to read as follows:
14 ''

### ''§ 55605. Definitions

16 ''In this chapter:
17  ''(1) The term 'marine highway transportation'
18 means the carriage by a documented vessel of cargo
19 (including such carriage of cargo and passengers), if
20 such cargo—
21  ''(A) is—
22   ''(i) contained in intermodal cargo
23  containers and loaded by crane on the ves-
24  sel;

1724

1　　　　　　　　"(ii) loaded on the vessel by means of
2　　　　　　　wheeled technology, including roll-on roll-
3　　　　　　　off cargo;
4　　　　　　　　"(iii) shipped in discrete units or
5　　　　　　　packages that are handled individually,
6　　　　　　　palletized, or unitized for purposes of
7　　　　　　　transportation;
8　　　　　　　　"(iv) bulk, liquid, or loose cargo load-
9　　　　　　　ed in tanks, holds, hoppers, or on deck; or
10　　　　　　　　"(v) freight vehicles carried aboard
11　　　　　　　commuter ferry boats; and
12　　　　　　"(B) is—
13　　　　　　　　"(i) loaded at a port in the United
14　　　　　　　States and unloaded either at another port
15　　　　　　　in the United States or at a port in Can-
16　　　　　　　ada or Mexico; or
17　　　　　　　　"(ii) loaded at a port in Canada or
18　　　　　　　Mexico and unloaded at a port in the
19　　　　　　　United States.
20　　　　　"(2) The term "Tribal government" means the
21　　　recognized governing body of any Indian or Alaska
22　　　Native Tribe, band, nation, pueblo, village, commu-
23　　　nity, component band, or component reservation, in-
24　　　dividually identified (including parenthetically) in
25　　　the list published most recently, as of the date of en-

1 actment of the James M. Inhofe National Defense
2 Authorization Act for Fiscal Year 2023, pursuant to
3 section 104 of the Federally Recognized Indian
4 Tribe List Act of 1994 (25 U.S.C. 5131).

5 ''(3) The term 'Alaska Native Corporation' has
6 the meaning given the term 'Native Corporation'
7 under section 3 of the Alaska Native Claims Settle-
8 ment Act (43 U.S.C. 1602).''.

9 (2) CLERICAL AMENDMENT.—The analysis for
10 chapter 556 of title 46, United States Code, is
11 amended by striking the item relating to section
12 55605 and inserting the following:

"55605. Definitions.".

13 (e) REPORT ON MARITIME HIGHWAY TRANSPOR-
14 TATION IN GULF OF MEXICO AND PUGET SOUND.—Not
15 later than one year after the date of the enactment of this
16 Act, the Maritime Administrator shall submit to the Com-
17 mittee on Transportation and Infrastructure of the House
18 of Representatives and the Committee on Commerce,
19 Science and Transportation of the Senate a report on op-
20 portunities for maritime highway transportation, as that
21 term is defined section 55605(1) of title 46, United States
22 Code, as amended by this section, in the Gulf of Mexico,
23 Puget Sound, and Salish Sea System by vessels docu-
24 mented under chapter 121 of title 46, united States Code.

(f) DEADLINE FOR PUBLIC AVAILABILITY OF MAP.—Not later than 120 days after the date of the enactment of this Act, the Maritime Administration shall make publicly available the map of marine highway program routes required to be made publicly available under subsection (c) of section 55601 of title 46, United States Code, as amended by this section.

**SEC. 3522. PORT INFRASTRUCTURE DEVELOPMENT GRANTS.**

(a) IN GENERAL.—In making port infrastructure development grants under section 54301 of title 46, United States Code, for fiscal year 2023, the Secretary of Transportation shall treat a project described in subsection (b) as an eligible project under section 54301(a)(3) of such title for purposes of making grants under section 54301(a) of such title.

(b) PROJECT DESCRIBED.—A project described in this subsection is a project to provide shore power at a port that services—

    (1) passenger vessels described in section 3507(k) of title 46, United States Code; and

    (2) vessels that move goods or freight.